**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES CUNNINGHAM,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>HOT TUB CRUISIN, INC.,<br><br>　　　　　　　　Defendant. | Case No. 19-cv-00874-BAS-KSC<br><br>**ORDER:**<br><br>**1. GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (ECF No. 15); AND**<br><br>**2. GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT (ECF No. 16)** |

　　　Plaintiff James Cunningham filed suit against Defendant Hot Tub Cruisin, Inc. ("HTC"), alleging he suffered a severe hand injury while aboard a "hot tub boat" in San Diego's Mission Bay. (Compl. ¶ 3, ECF No. 1.) Plaintiff's Complaint pleads claims against HTC for: (1) negligence, (2) design and manufacturing defect, (3) strict products liability — failure to warn of defective condition, (4) negligent products liability, and (5) liability to passengers under 46 U.S.C. § 30102. (*Id.* ¶¶ 24–60.) Presently before the Court are two pleadings motions.

## I. MOTION FOR LEAVE TO AMEND

First, Plaintiff moves for leave to file a First Amended Complaint. (ECF No. 15.) The proposed First Amended Complaint adds two defendants who were allegedly involved in the design and manufacture of the hot tub boat—Pontoon Party Tub, LLC and Matthew Adam Schubert. (ECF No. 15-3.) Plaintiff explains that he initially named only HTC as a defendant because he believed "HTC was the manufacturer of the boat as well as its operator." (ECF No. 15.) Hence, Plaintiff seeks to add Pontoon Party Tub and Mr. Schubert as defendants for Plaintiff's products-related causes of action—claims 2, 3, and 4. (*See* ECF No. 15-3.) The First Amended Complaint also drops HTC from these causes of action. (*See id.*) HTC has filed a statement of non-opposition to Plaintiff's motion. (ECF No. 17.)

"In general, a court should liberally allow a party to amend its pleading." *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing Fed. R. Civ. P. 15(a)); *see also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cty.*, 708 F.3d at 1117 (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, in light of (i) the broad policy favoring amendments to pleadings and (ii) Defendant's notice of non-opposition to Plaintiff's motion, the Court grants Plaintiff's motion for leave to file a First Amended Complaint.

## II. MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT

Second, HTC moves for leave to file a Third-Party Complaint for Indemnification against Christine Cunningham. (ECF No. 16.) In the proposed Third-Party Complaint, HTC alleges that Ms. Cunningham is the wife of Plaintiff James Cunningham. (ECF No. 16-2.) HTC claims Ms. Cunningham signed a rental

agreement regarding the hot tub boat that includes a contractual indemnity clause. (*Id.*) Thus, HTC seeks to bring a claim for express contractual indemnity against Ms. Cunningham that will hold her "liable for all amounts for which HTC may be held liable to [Mr. Cunningham]." (*Id.*) Mr. Cunningham has not filed an opposition to HTC's motion.

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a)(1). "Thus, a third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and the third party's liability is secondary or derivative." *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983). The purpose of this procedure "is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Sw. Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986).

Here, Ms. Cunningham's alleged liability is dependent on Mr. Cunningham's claims against HTC, and her liability is derivate in light of the alleged contractual indemnity clause. Hence, the proposed Third-Party Complaint satisfies the requirements of Rule 14(a)(1). Further, allowing the Third-Party Complaint will promote judicial efficiency, and Mr. Cunningham has not opposed HTC's motion. The Court therefore finds granting leave is appropriate. Ms. Cunningham will still have the opportunity to raise any defense under Rule 12 to the Third-Party Complaint. *See* Fed. R. Civ. P. 14(a)(2)(A). Accordingly, the Court grants HTC's motion for leave to file its Third-Party Complaint.[1]

---

[1] Because HTC filed its motion under Rule 14(a)(1) and the Third-Party Complaint satisfies this rule, the Court does not consider whether the Third-Party Complaint would be proper

## III. CONCLUSION

Based on the foregoing the Court **GRANTS** Plaintiff's motion for leave to file his First Amended Complaint (ECF No. 15). Plaintiff shall file his First Amended Complaint no later than **January 24, 2020**.

Further, the Court **GRANTS** Defendant HTC's motion for leave to file its Third-Party Complaint (ECF No. 16). HTC shall file its Third-Party Complaint no later than **January 24, 2020**.

**IT IS SO ORDERED.**

DATED: January 14, 2020

Hon. Cynthia Bashant
United States District Judge

---

under Rule 14(c), which involves admiralty or maritime claims.